Rodger M. Burge (Utah Bar No. 8582) (rburge@parrbrown.com)
Daniel J. Nelson (Utah Bar No. 19030) (djnelson@parrbrown.com)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South, 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

Receipt number AUSFCC-11223076

*Attorneys for Utah First Federal Credit Union*

## IN THE UNITED STATES COURT

## OF FEDERAL CLAIMS

| | |
|---|---|
| UTAH FIRST FEDERAL CREDIT UNION d/b/a UTAH FIRST CREDIT UNION, a credit union, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | COMPLAINT <br><br> Civil No:_____ 26-602 C _____ <br><br> Honorable _____ |

Plaintiff Utah First Federal Credit Union d/b/a Utah First Credit Union ("Utah First")

hereby files this Complaint against Defendant the United States of America (the "United States")

and for its claims, alleges as follows:

### INTRODUCTION

1. This is an action for the recovery of money improperly exacted by the United

States through the U.S. Department of the Treasury (the "Treasury") in connection with a

Treasury check reclamation.

1

2.    The United States required and obtained payment from Utah First in the amount of $176,101.92 in connection with a Treasury check issued pursuant to the Families First Coronavirus Response Act.

3.    The reclamation demand was based on an alleged unauthorized indorsement, but the Treasury failed to apply the governing regulatory standard and denied Utah First's subsequent protest on an unrelated and legally insufficient basis.

4.    Utah First seeks return of the funds unlawfully exacted.

### PARTIES, JURISDICTION, AND VENUE

5.    Utah First is a federally insured credit union with its principal place of business in Utah.

6.    Defendant is the United States, acting through the Department of the Treasury and the Bureau of the Fiscal Service.

7.    This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), because Utah First seeks monetary relief from the United States based on an illegal exaction.

8.    The claim is timely under 28 U.S.C. § 2501 because it was filed within six years of the United States' exaction of the funds from Utah First on or around December 10, 2024.

9.    Venue is proper in this Court.

### GENERAL ALLEGATIONS

10.    Treasury check reclamations are governed by 31 C.F.R. Part 240. *See* 31 C.F.R. § 240.1(a).

11.    Under Part 240, the Treasury may reclaim the amount of a check from a presenting financial institution where the conditions for reclamation liability are satisfied,

including where a check bears an unauthorized indorsement.

12. A presenting financial institution may protest a reclamation by providing evidence that an indorsement was authorized or otherwise valid.

13. The Treasury's authority to demand and retain funds is limited to the grounds and procedures set forth in Part 240 and may be exercised only where the regulatory conditions for liability are satisfied.

14. On or around July 18, 2023, the Treasury issued check number 4045 30990734 (the "Check"), payable to Method Residential PB Inc. ("Method Residential"), c/o Sara Hernandez, in the amount of $176,101.92.

15. The check represented a tax credit payment issued pursuant to the Families First Coronavirus Response Act (the "FFCRA").

16. On or around November 17, 2023, Ms. Hernandez indorsed the check, signing "Sara Hernandez/Method Residential," then deposited the check in an account held by Method Residential at Utah First.

17. Under 31 C.F.R. § 240.13(b)(1), a check is properly indorsed when it is signed "by the payee in a form recognized by general principles of law and commercial usage for negotiation, transfer, or collection of negotiable instruments."

18. In vetting the check's authorization, Utah First obtained a copy of Method Residential's Articles of Incorporation, which listed Ms. Hernandez as registered agent, incorporator, president, director, and officer of Method Residential. Utah First also verified that the Articles of Incorporation expressly allowed all instruments executed by the corporation to be executed by the President or any Vice-President thereof.

19.     Thus, Utah First reasonably and properly concluded that Ms. Hernandez's indorsement of the Check on behalf of Method Residential was consistent with general principles of law and commercial usage governing the negotiation of instruments.

20.     Utah First had also received instruction from the Treasury that it should process checks for tax credits under the FFCRA as quickly as possible and had been advised by the Treasury that the Treasury would not make reclamation demands for payments under the FFCRA.

21.     Accordingly, Utah First processed the Check in the ordinary course of business.

22.     Roughly one year after the check was deposited, on or around November 8, 2024, the Treasury issued a reclamation demand to Utah First, invoking its authority under 31 C.F.R. § 240.8. A true and correct copy of the reclamation demand and its accompanying exhibits is attached hereto as Exhibit A.

23.     The reclamation demand was based on an allegation that Sara Hernandez was not a proper or authorized indorser of the Check.

24.     The allegation of an unauthorized indorsement arose from a dispute between individuals associated with Method Residential, including Ms. Hernandez and another individual who asserted an ownership or control interest in the company.

25.     Upon information and belief, that individual contacted the Treasury and complained about the Check after a dispute arose within the company.

26.     The Treasury's reclamation demand was thus based on a post hoc internal dispute regarding company control or authority, rather than any facial irregularity in the check, the indorsement, or the account into which the check was deposited.

4

27.     On or about December 4, 2024, Utah First timely submitted a letter to the Treasury, protesting the reclamation demand (the "Letter"). A true and correct copy of the Letter and its accompanying exhibits is attached hereto as Exhibit B.

28.     In the Letter, Utah First addressed the alleged unauthorized indorsement and provided documentation demonstrating that the Check was deposited into an account owned by Method Residential, that the indorsement was consistent with the payee, and that Utah First had exercised reasonable diligence in accepting and processing the Check.

29.     On or around December 10, 2024, *while Utah First's protest was pending*, the Treasury debited Utah First's master account in the full amount of the Check.

30.     The Treasury effected this debit before completing its review of Utah First's protest and before issuing a final determination.

31.     On December 23, 2024, the Treasury sent Utah First a follow-up letter, requesting additional information and documentation related to the protest. A true and correct copy of that letter is attached hereto as Exhibit C.

32.     Utah First provided the requested information and documentation on March 12, 2025. A true and correct copy of that correspondence is attached hereto as Exhibit D.

33.     On April 14, 2025, the Treasury sent a final letter, denying Utah First's protest. A true and correct copy of that letter is attached hereto as Exhibit E.

34.     The Treasury's denial stated that the protest was denied because an employer identification number ("EIN") provided by Utah First did not match the Treasury's records. *Id.* The denial did not address whether the indorsement was authorized, nor did it evaluate the evidence submitted by Utah First regarding the deposit of the Check into an account owned by

Method Residential or the circumstances of the indorsement.

35.    The Treasury's reclamation authority under 31 C.F.R. § 240.8 may be exercised only where it determines that a guarantor of a check has breached one of the presentment guarantees listed in section 240.4. *See* 31 C.F.R. § 240.8(a).

36.    An EIN discrepancy is not a basis for reclamation liability under section 240.4 and does not establish that an indorsement was unauthorized. *See* 31 C.F.R. § 240.4.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Illegal Exaction)

37.    Plaintiff incorporates by reference and realleges all of the foregoing paragraphs as if fully set forth herein.

38.    The Treasury required and obtained payment from Utah First pursuant to a reclamation demand.

39.    The Treasury's authority to demand and retain such payment is limited by 31 C.F.R. Part 240.

40.    The Treasury acted outside its lawful authority by:

   a.    treating a private dispute regarding corporate authority as sufficient to establish an unauthorized indorsement without applying the governing regulatory standard;

   b.    failing to evaluate whether the indorsement was authorized in light of the payee account and surrounding circumstances;

   c.    denying Utah First's protest based on an asserted EIN discrepancy that is not a valid basis for liability under Part 240; and

6

    d.   debiting Utah First's account before completing the protest process and

issuing a reasoned determination.

41.     Because the Treasury's actions were not authorized by law, the funds obtained from Utah First constitute an illegal exaction.

42.     Utah First is entitled to return of the funds.

## PRAYER FOR RELIEF

WHEREFORE, Utah First respectfully requests that the Court:

1.     Enter judgment in favor of Utah First in the amount of $176,101.92, representing the funds unlawfully exacted by the United States;

2.     Award interest as permitted by law;

3.     Award costs pursuant to applicable law;

4.     Grant such other and further relief as the Court deems just and proper.

DATED this 22nd day of April 2026.

PARR BROWN GEE & LOVELESS

*/s/ Rodger M. Burge*
Rodger M. Burge
Daniel J. Nelson
*Attorneys for Utah First Federal Credit Union*